EQUITABLE TRUST CO. OF NEW YORK v. LARSEN.

(Supreme Court, Appellate Term.    December 22, 1911.)

BILLS AND NOTES (§ 502*)—SIGNATURE OF MAKER—PRIMA FACIE CASE.

In an action on a note, the testimony of defendant, sued as maker, that the signature on the note looked like his signature, but that he had no recollection of signing the note and that his name was similar to that on the note, coupled with an unqualified admission by him out of court that the paper was signed by one with a similar name, established a prima facie case, sufficient to allow the admission of the note in evidence.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 502.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Equitable Trust Company of New York against Anton Larsen. From a judgment of the Municipal Court, dismissing the complaint at the close of plaintiff's case, it appeals. Reversed, and new trial granted.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

McLear & McLear (Herbert G. McLear, of counsel), for appellant. Louis Boehm, for respondent.

LEHMAN, J.   The plaintiff sues upon a negotiable instrument, which it attempted to introduce in evidence, but which was excluded because the defendant's signature was not properly proven. The plaintiff attempted to prove this signature by the testimony of the defendant himself; but the defendant claimed to have no distinct recollection as to the signing of this document, which, it was claimed, was executed in the year 1904.   He would not affirm or deny positively that the signature was his own, but did testify several times that "it looked like" his signature.   In addition to this testimony, the plaintiff showed by the process server that, when he served the defendant with the summons, he showed him the instrument and asked him if he remembered signing it, whereupon the defendant said:

"That is the signature of Anton Larsen, but I guess you have got the wrong man.  Anton Larsen is my brother."

The process server then asked him how he knew that that was the signature of Anton Larsen, and defendant answered:

"Well, I know it; that is the signature of Anton Larsen, but I am not Anton Larsen.  Anton Larsen is my brother."

It was further shown that the person served was Anton Larsen, and that his brother's name was John Larsen.   It seems to me that the testimony of the defendant, who certainly must be held to know his own handwriting, that the signature looked like his, coupled with an unqualified admission by the defendant, out of court, that the paper was signed by Anton Larsen, was amply sufficient prima facie proof to allow the admission of the instrument in evidence.

The respondent relies, as authority for the correctness of the ruling of the trial justice excluding this paper, upon the case of Farrell v.

Manhattan Railway Co., 83 App. Div. 393, at page 398, 82 N. Y. Supp. 334, at page 336. That case is, however, no authority for his contention. The witness called in that case was the son of the person whose signature is sought to be proven. He testified that the signature "seems like" his father's signature, but he could not tell, as he had not seen his father's signature in many years. The court there said (83 App. Div. 398, 82 N. Y. Supp. 336):

"The only witness called to prove the signature testified that he had no recollection of having seen his father write, no recollection of his father's signature, and disclaimed sufficient knowledge which would enable him to testify as to the genuineness of the signatures exhibited to him. His belief upon the subject, *in the absence of knowledge of his father's handwriting,* would be of no consequence."

Here, however, we have the testimony of the defendant himself, who may certainly be presumed to have knowledge of his own handwriting, that the signature looked like his, and testimony of his admission out of court that the signature was that of Anton Larsen.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.